**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| VERONICA ALISSETH TORRES-DE HERNANDEZ, MAYDELIN ANGELA HERNANDEZ-TORRES, GERSON SAUL HERNANDEZ-TORRES, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 17-70849 <br><br> Agency Nos. <br> A206-900-413 <br> A206-900-414 <br> A206-900-415 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BLUMENFELD JR.,
District Judge.[***]
Partial Concurrence and Partial Dissent by Judge S.R. THOMAS.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stanley Blumenfeld Jr., United States District Judge for the Central District of California, sitting by designation.

Veronica Alisseth Torres-De Hernandez and her children, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004) (citation omitted). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). Factual findings are supported by substantial evidence "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)). "The agency need not engage in a lengthy discussion of every contention raised by a petitioner," and "we must 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

2

Substantial evidence supports the denial of Torres-De Hernandez's application for asylum. The agency properly concluded that the threats Torres-De Hernandez received did not amount to past persecution. "Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (citation omitted).

Torres-De Hernandez also failed to establish her membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("An asylum . . . applicant's burden includes" demonstrating "membership in [a cognizable] particular social group[.]"). Before the IJ, Torres-De Hernandez proposed a particular social group of "El Salvadoran nationals who are known to be financially supported by their families while working in the United States." But Torres-De Hernandez has forfeited any asylum claim on this basis because she did not defend–or even mention–this particular social group in her opening brief. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (issues not "specifically and distinctly" argued in an opening brief may be deemed forfeited).

Before the BIA, Torres-De Hernandez instead proposed a particular social group of "El Salvadoran women living alone with children." The BIA did not err

when it did not address this particular social group which was "raised for the first time on appeal." *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam). In this petition for review, Torres-De Hernandez now proposes a distinct group of "women living alone in El Salvador with children who are financially supported by family members living in the United States." We will not review a claim on this basis because it was not first raised to the BIA. *See* 8 U.S.C. § 1252(d)(1) (holding that exhaustion of administrative remedies required); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (exhaustion requirement of section 1252(d)(1) is "mandatory" if a party "properly raises it" (citations omitted)).

II

Substantial evidence also supports the denial of Torres-De Hernandez's application for withholding of removal. An applicant who fails to demonstrate a reasonable possibility of future persecution sufficient for an asylum claim "necessarily fails to satisfy the more stringent standard for withholding of removal." *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021). The IJ's misstatement–and the BIA's subsequent correction–of the nexus standard for a withholding of removal claim in light of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), does not affect this result. As the BIA explained, the precise nexus

4

standard applied had no impact on the IJ's denial because Torres-De Hernandez failed to establish membership in a cognizable particular social group. Moreover, the IJ's misstatement of the nexus standard does not require remand when the IJ had determined that there was *no* nexus at all between the harm and a protected ground. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam).

III

Finally, substantial evidence supports the agency's denial of Torres-De Hernandez's application for CAT relief. Torres-De Hernandez failed to demonstrate that it is "more likely than not" that she would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). In assessing whether it is more likely than not that an applicant would be tortured if removed, the agency is instructed to consider factors such as "[e]vidence of past torture inflicted upon the applicant," 8 C.F.R. § 1208.16(c)(3)(i), and "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured," 8 C.F.R. § 1208.16(c)(3)(ii). Torres-De Hernandez does not contend that she has been tortured in the past. 8 C.F.R. § 1208.16(c)(3)(i). And as the IJ wrote in the context of Torres-De Hernandez's asylum claim, Torres-De Hernandez has not demonstrated that any criminal gangs in El Salvador would have the "ability, willingness, or interest" to locate and torture her if she relocated in the country. 8

5

C.F.R. § 1208.16(c)(3)(ii).  Moreover, Torres-De Hernandez has not shown that any torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).  Rather, the IJ found that the police in El Salvador are "making great efforts to combat the issues of gang violence."  Substantial evidence therefore supports the agency's denial of CAT relief.

Petitioner's request for a stay of removal is denied.

**PETITION DENIED.**

*Torres-De Hernandez v. Bondi*, No. 17-70849

S.R. THOMAS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the agency did not err by denying Torres-De Hernandez's applications for asylum and withholding of removal. However, I respectfully disagree that the agency's denial of CAT relief was supported by substantial evidence.

"CAT's implementing regulations require the agency to consider 'all evidence relevant to the possibility of future torture,' and we have reversed where the agency has failed to do so." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(3)). Although the agency does not need to "discuss each piece of evidence submitted," the agency must give "reasoned consideration" to "potentially dispositive testimony and documentary evidence." *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011). In its cryptic analysis of the CAT claim, the agency failed to provide a reasoned consideration of the evidence presented. Therefore, I would remand the CAT claim for reconsideration by the agency.

For this reason, I respectfully dissent in part.